UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Alice M. Peters | * | CIVIL ACTION |
| | * | NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| | * | DIVISION |
| Tangipahoa Parish Hospital District No. 2 | * | |
| d/b/a Hood Memorial Hospital | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * *

**<u>JURY TRIAL DEMANDED</u>**

**<u>COMPLAINT  - AMERICANS WITH DISABILITIES ACT VIOLATION AND
LOUISIANA DISABILITY DISCRIMINATION IN EMPLOYMENT VIOLATION</u>**

The Complaint of Alice M. Peters, (hereafter Peters) a person of the full age of majority

and a resident and domiciliary of the Parish of Livingston, State of Louisiana respectfully avers as

follows:

1.      Made defendant is Tangipahoa Parish Hospital District Two, doing business as Hood

Memorial Hospital, (hereafter, HMH) a domestic entity providing healthcare services primarily to

the residents of north Tangipahoa Parish, State of Louisiana.  At all times pertinent hereto, the

actions complained of occurred within the Eastern District of Louisiana.

2.      HMH is not a charitable institution, is an employer as defined by the Americans with

Disabilities Act and by the Louisiana Employment Discrimination Laws and is thus amenable to

suit.

3.      This action is brought pursuant to the Americans with Disabilities Act, as amended (ADA),

42 U.S.C. § 12101, *et seq*.  As such, jurisdiction is proper pursuant to 28 U.S.C. § 1331 and

pursuant to the Court's pendant jurisdiction.  Venue is proper pursuant to 28 U.S.C. § 1391(a).

4.      Since May of 2016 Alice Peters worked as a posting clerk in accounting for HMH since 2016 at its hospital location located at 305 Walnut Street, Amite, Louisiana.  Amite, Louisiana is located in a rural part of Louisiana.  There is no public transportation or even reliable cab service there.

5.      Peters' treating physician Dr. Pervez Mussarat diagnosed her with a chronic medical condition where she was subject to neurological seizures.  The neurological seizures she was subject to were unpredictable and could render her suddenly unconscious and unaware of her surroundings. Peters was accordingly restricted from operating any motor vehicle until she became, through medication, seizure-free.

6.      Punctuality was an integral part of Peters job as a posting clerk because questions would arise from time to time from management concerning financial entries.

7.      After her seizure diagnosis Peters requested, and obtained, accommodation from her HMH supervisors Cheri Elzey (Elzey) and Elzey's supervisor Gari Brant (Brant), who both permitted her to arrive approximately sixty minutes prior to her stated time of 7 AM and leave approximately sixty minutes earlier than her stated release time of 3:30 PM.

8.      Peters performed her job duties alone in a small room in a separate service building.  Peters seldom had any one-on-one contact with her coworkers or patients.  At all times, with a 60-minute variance in reporting time, Peters was able to perform all of her required job duties.

9.      In 2017 Kim Sanchez (Sanchez) became Peters' new first-line supervisor, replacing Cheri Elzey.  Upon knowledge and belief, Sanchez had had no classroom training in human resources management or the requirements of the ADA prior to her being named supervisor.  Similarly, Alicia Chatelain, the human resources director at HMH, had no formal credentials in human resources management.

10.     Sanchez immediately, and for no stated reason, rescinded the voluntary accommodations which HMH had previously accorded Peters concerning the variance in her reporting time.  Despite Peters attempts to explain her doctor's reasons for restricting her ability to drive, Sanchez failed and refused to engage in any dialog concerning accommodating Peters disability.   Sanchez repeatedly insisted that it was absolutely essential for Peters to be absolutely prompt in her arrival and departure times and refused even to discuss the issue.

11.     On December 17, 2017 Sanchez and Hospital Chief Financial Officer Mike Estay (Estay) confronted Peters during an unannounced telephone conference.  Sanchez informed Peters that "we are giving you four weeks (after Christmas) to conform to our work schedule or be terminated".  Peters replied that her doctor would not even be evaluating her within that time frame, and that she would be unable to drive herself to work as required until after her doctor's release.

12.     Peters was terminated on December 22, 2017.  Her termination slip indicated that the termination was involuntarily. Upon information and belief HMH made the precipitous decision to terminate Peters recklessly and impulsively in utter disregard of Peters' federally protected rights.

13.     Peters was released to drive motor vehicles by her doctor in August of 2018.  She remains on prescription medication for controlling her seizures.

14.     Peters attempted to mitigate her damages by immediately applying for available job openings she was qualified to perform.

15.     Peters was, on November 28, 2018, informed by a law firm she had applied to for employment as a bookkeeper that HMH had provided them with a "negative reference" on her (Peters).

16.     Peters filed a charge of discrimination with the EEOC.  She later received a right to sue letter from the Department of Justice.

## DAMAGES

17.     As a proximate result of HMH's violation of the Americans with Disabilities Act and of the Louisiana Employment Discrimination Law prohibiting disability discrimination in employment, Peters has suffered damages in the following, non-exclusive respects:

    a.     Loss of income and/or earnings potential with benefits and loss of professional reputation;

    b.     General damages to include pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, inconvenience and humiliation;

    c.     Reinstatement or, in the alternative, front pay;

    d.     Reasonable attorney's fees, costs, and legal interest from the date of judicial demand according to the law of the State of Louisiana;

    e.     All equitable relief deemed just and proper by this Court, and;

    f.     All other statutory remedies available.

18.     Peters demands and is entitled to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Alice M. Peters prays that this, her Complaint, be cited and served on Defendant Tangipahoa Parish Hospital District No. 2 d/b/a Hood Memorial Hospital, that

Defendant be required to answer same, that after due proceedings be had, judgment be rendered

for Plaintiff and against Defendant in an amount to be determined as just under the circumstances,

for all equitable relief deemed just and proper by this Court, and for legal interest from the date of

judicial demand according to the law of Louisiana.

Plaintiff further prays for a trial by jury on all issue so triable.

Respectfully submitted,
LAW OFFICE OF DALE EDWARD WILLIAMS

/s/Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:  (985) 892-2640
dale@daleslaw.com

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have

read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this *10TH* day of *DECEMBER* in the year 2018.

ALICE M. PETERS